### NATIONAL HARROW CO. v. HENCH et al.

(Circuit Court, N. D. New York. January 3, 1898.)

MONOPOLIES—COMBINATION OF PATENT OWNERS—INFRINGEMENT SUIT.
 A combination among manufacturers of spring-tooth harrows, whereby a corporation, organized for the purpose, becomes the assignee of all patents owned by the various manufacturers, and executes licenses to them, so as to control the entire business and enhance prices, is void both as to the assignments and licenses, so that the corporation cannot maintain a suit against one of its assignors who violates the agreement, for infringement.

This was a bill in equity by the National Harrow Company against Samuel N. Hench and others for alleged infringement of a patent.

Risley & Love, for complainant.
 Cookinham, Sherman & Martin and Strawbridge & Taylor, for defendants.

COXE, District Judge. This is an equity suit for the infringement of letters patent, granted to the defendants and by them assigned to the complainant. The bill is in the usual form. The demand is for an injunction and an accounting. The plea alleges that the defendants assigned the letters patent in question to the complainant as part of an unlawful agreement, which was void as in restraint of trade and as against public policy, and that it was declared void by the

circuit court for the Eastern district of Pennsylvania, and by the circuit court of appeals for the Third circuit, in a suit between these parties. The plea has been set down for argument. In the previous litigation the Pennsylvania court decided that the agreement between these parties, and other manufacturers and venders of harrows, was an unlawful combination to enhance prices and prevent competition; that one of the means used to further this conspiracy was the creation of the complainant as a convenient instrument to take and hold the legal title to the patents owned by the members of the combination, the equitable title being still in the prior owners. In short, it was held that the organization of the complainant, the assignment to it of the patents, and the license from the complainant permitting the assignors to continue to make and sell harrows under the patents so assigned, were all steps in a general scheme to create a monopoly, and that the transaction was unlawful in its conception and purpose, as a whole and in all of its parts. These decisions will be found in Harrow Co. v. Hench, 76 Fed. 667, and 83 Fed. 36.

The bill is based upon the theory that, holding the legal title to the patent in controversy, the complainant can sue the owners of the equitable title, not as licensees but as infringers. The assignment of the patent was but one step in the combination. The license was another step. Both were necessary to carry out the illegal scheme. In the Pennsylvania circuit the complainant declared upon the license; now it declares upon the assignment. Both are invalid under the Pennsylvania judgment; the one as much as the other. To place any other interpretation upon the decision is to make it a mere brutum fulmen leading to results so illogical and inequitable as to border on the grotesque. The complainant was created solely to effectuate the purpose of the combination, the patent in suit being transferred as part of the unlawful scheme. Can it be possible that, based upon such a title, the complainant can levy tribute upon the defendants and thus accomplish by indirection the very object of the monopoly more effectually than if the court had not declared the whole transaction void? If as a result of the Pennsylvania litigation the complainant can seize the defendants' profits and also enjoin them from operating under their own patents their victory might better have been a defeat. In escaping Scylla they are hopelessly caught in the vortex of Charybdis. It certainly never was the intention of the parties that the defendants should assign their patents to the complainant with no rights reserved. The assignment was in consideration of the license back and was part of the one agreement. The complainant has no title except such as it got through this agreement and this agreement has been declared void. The complainant contends that the assignment of the patent was a distinct and separate transaction, and that the bill can be supported upon the assignment alone, which was an innocent proceeding in itself. But as before stated the Pennsylvania decision treated all these steps as part of one illegal scheme. When the foundation upon which this edifice stood was shattered, the entire structure fell. The judicial bolt struck the keystone of the arch. Neither party can build upon the fragments that remain. As both were equally involved in the

prohibited scheme the court left them where their own acts placed them, declining affirmative relief to one as against the other. The plea is allowed.